# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**PILGRIM'S PRIDE CORPORATION
OF WEST VIRGINIA, INC.,**
**Employer Below, Petitioner**

**FILED**
October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 11-1212**  (BOR Appeal No. 2045598)
(Claim No. 2008045376)

**MODESTO ACOSTA,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pilgrim's Pride Corporation, by Stephen Mathias, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Modesto Acosta, by Robert Stultz, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 28, 2011, in which the Board affirmed a January 18, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's August 18, 2010, decision denying Mr. Acosta's request to reopen his claim for further consideration of temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Acosta suffered a crush-type injury to his left leg on May 28, 2008, and the claim was held compensable. His injury was initially diagnosed as a contusion, but the record indicates that he later developed reflex sympathetic dystrophy of the left lower extremity. Following the aggravation of his compensable injury, he was granted temporary total disability benefits from August 31, 2009, through September 2, 2009. In its January 18, 2011, Order reversing the August 18, 2010, claims administrator's decision, the Office of Judges held that Mr. Acosta remained temporarily and totally disabled until March 5, 2010, and therefore awarded him

1

temporary total disability benefits from September 3, 2009, through March 5, 2010. The Board of Review affirmed the reasoning and conclusions of the Office of Judges. Pilgrim's Pride Corporation disputes this finding and asserts that the evidence of record demonstrates that Mr. Acosta was not temporarily and totally disabled beyond September 2, 2009.

The Office of Judges found that the issue in this case is not whether the claim should be reopened for temporary total disability benefits, but whether Mr. Acosta remained temporarily and totally disabled beyond September 2, 2009. West Virginia Code § 23-4-7a (2005) states that temporary total disability benefits are not paid after a claimant has reached maximum medical improvement, is released to return to work, or actually returns to work, whichever occurs first. The Office of Judges found that Mr. Acosta's reopening application persuasively shows that he was unable to work until March 5, 2010, due to pain and swelling with increased activity. The Board of Review reached the same reasoned conclusions in its decision of July 28, 2011.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.


**ISSUED: October 21, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING:**
Justice Robin J. Davis
Justice Allen H. Loughry II